O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 13-0403-DOC (MLGx)            Date: January 14, 2014

Title: USA WHEEL AND TIRE OUTLET #2, INC. v. UNITED PARCEL SERVICE INC.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING SPECIAL MOTION TO STRIKE [13]**

Before the Court is Plaintiff USA Wheel and Tire Outlet No. 2 Inc.'s ("USA Wheel's") Special Motion to Strike Defendant United Parcel Service Inc.'s ("UPS's") Counter Claim (Dkt. 13). After considering the moving and opposing papers, and all declarations and exhibits attached thereto, the Court DENIES the Special Motion.

## I. BACKGROUND

### A. The Underlying Action

In 2009, USA Wheel and UPS entered into an Agreement whereby UPS agreed to provide shipping services to USA Wheel. Notice of Removal, Ex. A ("Compl.") ¶ 7 (Dkt. 1). Under the Agreement, USA Wheel would enter information regarding the size and type of the package online, and would then receive a shipping charge. *Id.* ¶¶ 10-11. UPS reserved the right to audit shipments to verify the charge and to make "appropriate adjustments," if necessary. *Id.* ¶ 12.

USA Wheel brought one claim for breach of contract, alleging that "Defendant UPS manipulated these audit procedures so that it could improperly invoice [USA Wheel] increased shipping charges based on false dimensions." *Id.* ¶¶ 13-20.

Case 8:13-cv-00403-DOC-MLG Document 24 Filed 01/14/14 Page 2 of 7 Page ID #:334

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0403-DOC (MLGx)            Date: January 14, 2014
Page 2

### B. The Counterclaim

The Agreement set forth discounted pricing "incentives" that apply to the shipping services that UPS provided to USA Wheel. Def.'s Ans. ¶ 6 (Dkt. 5). In order to protect the confidentiality of those discounted rates, the Agreement provided that, "[the Parties] agree to maintain the confidentiality of this Agreement including its rates, terms and incentives ('Confidentiality Information') unless disclosure is required by law." *Id.* ¶ 7. Furthermore, USA Wheel agreed "not to post or publicly display this Confidential Information." *Id.*

On December 31, 2012, USA Wheel filed the Complaint in state court and attached an unredacted version of the Agreement, including the "rates, terms, and incentives" that were subject to the confidentiality provision. *Id.* ¶¶ 9-12.

After learning of the public filing, UPS's counsel contacted USA Wheel's counsel demanding that USA Wheel "take any and all steps necessary to cure the violation of the Carrier Agreement, whether by removing the Carrier Agreement from the public record or by having it sealed." Decl. of Gregory Koltun, Ex. B ("January 7, 2013 Letter") (Dkt. 19). USA Wheel's counsel agreed to file an ex parte application for an order sealing the exhibit that contained the pricing information, but the court declined to rule on the application because it should have been filed as a noticed motion. Decl. of Gregory Koltun, Ex. D ("January 18, 2013 Order"). USA Wheel did not file a noticed motion to seal. Decl. of Gregory Koltun ¶ 6. So, UPS's counsel reached out to USA Wheel again via email, inquiring whether USA Wheel intended on filing such a motion. Decl. of Gregory Koltun, Ex. E ("February 20 and 21 Emails"). USA Wheel's counsel never responded, so UPS filed its own motion to seal. Decl. of Gregory Koltun, Ex. F ("Motion to Seal"). USA Wheel then filed an opposition to that motion. Decl. of Gregory Koltun ¶ 8.

In its answer to USA Wheel's Complaint, UPS counterclaimed for breach of contract, alleging that USA Wheel's unredacted filing of the rates, terms, and incentives violated the confidentiality provision in the agreement. Def.'s Ans. ¶¶ 8-13. USA Wheel now moves to strike the counterclaim under California Code of Civil Procedure Section 425.16, California's anti-SLAPP statute. Mot. to Strike ("Mot.") (Dkt. 13).

### II. LEGAL STANDARD

California's anti-SLAPP (strategic lawsuit against public participation) statute, provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Code Civ. Pro. § 425.16. This special motion to strike is available in federal courts concerning California state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0403-DOC (MLGx)                                                             Date: January 14, 2014
                                                                                                                                                                      Page 3

law claims. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972-73 (9th Cir. 1999); *see also Makaeff v. Trump Univ., LLC*, 2013 U.S. App. LEXIS 23900 (9th Cir. Nov. 27, 2013) (denying a rehearing en banc to reconsider the availability of anti-SLAPP motions in federal courts).

       The anti-SLAPP analysis consists of two steps. First, the "the moving defendant [has the] burden to demonstrate that the act or acts of which the plaintiff complains were taken in furtherance of the defendant's right of petition or free speech under the United States or California Constitution in connection with a public issue as defined in the statute." *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002) (internal quotation marks omitted); *see also* Cal. Civ. Proc. § 425.16(e).

       Second, once this showing is made, the burden shifts to the plaintiff, who must show a probability of prevailing on the claims. *Equilon*, 29 Cal. 4th at 67. "'Reasonable probability' in the anti-SLAPP statute has a specialized meaning" and "requires only a 'minimum level of legal sufficiency and triability.'" *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 598 (9th Cir. 2010) (quoting *Linder v. Thrifty Oil Co.*, 23 Cal. 4th 429, 438 n.5 (2000)). In order to satisfy this burden, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811, 821 (2002); *see also Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001). Each challenged basis for liability must be examined individually to determine if the plaintiff has demonstrated a probability of prevailing, and if the plaintiff has failed to do so, then only that basis must be stricken from the plaintiff's pleading. *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002).

       When opposing an anti-SLAPP motion, the plaintiff must present admissible evidence supporting a prima facie showing of facts supporting a judgment in plaintiff's favor. *Roberts v. Los Angeles County Bar Ass'n,* 105 Cal. App. 4th 604, 613 (2003). Thus, he may not rely on the pleadings and evidence that would not be admissible at trial. *Fashion 21 v. Coal. for Humane Immigrant Rights of Los Angeles*, 117 Cal. App. 4th 1138, 1148 (2004).

### III.   ANALYSIS

#### A.   Step One: Whether the Acts Were Taken in Furtherance of the Movant's Right to Petition or Free Speech

       There appears to be no dispute that the first step is satisfied. *See generally* Mot.; Opp'n to Mot.

        A claim for relief filed in court is "indisputably a statement or writing made before a judicial proceeding," and is, therefore, subject to the anti-SLAPP statute. *Navellier v. Sletten*, 29 Cal. 4th 82,

90 (2002). Furthermore, "[a] [party] moving to strike a cause of action arising from a statement made before, or in connection with an issue under consideration by, a legally authorized official proceeding need *not* separately demonstrate that the statement concerned an issue of public significance." *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106 (1999).

Here, UPS's counterclaim is based on USA Wheel's court filing. Def.'s Ans. ¶¶ 5-13. Therefore, USA Wheel has adequately shown that the "acts of which the [UPS] complains were taken in furtherance of the defendant's right of petition . . . under the United States or California Constitution in connection with a public issue as defined in the statute." *See Equilon*, 29 Cal. 4th at 67.

### B. Step Two: Probability that the Non-Movant Will Prevail on the Merits

USA Wheel posits four reasons why UPS cannot show a probability of prevailing: first, the litigation privilege provides absolute immunity to USA Wheel for any acts associated with the filing of its Complaint; second, the disclosure was compelled by California law and, therefore, it was not a breach of the agreement; third, any confidentiality attaching to the 2009 rate incentives was "mooted" by public disclosures of similar rate incentives; and fourth, UPS cannot present any proof of damages. Mot. at 6.

#### 1. Litigation Privilege

First, USA Wheel contends that UPS cannot prevail because USA Wheel enjoys absolute immunity for conduct in furtherance of litigation. Mot. at 6-8. UPS argues that the litigation privilege is not an absolute defense to a breach of contract claim. Opp'n to Mot. at 6-8. The Court agrees.

In California, a litigation privilege attaches to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (2) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990); *see also* Cal. Civ. Code § 47(b). The purposes of the litigation privilege "are to afford litigants and witnesses free access to the courts without fear of being harassed subsequently by derivative tort actions, to encourage open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgments, and to avoid unending litigation." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1062 (2006).

There is no dispute that the litigation privilege is "absolute," with regard to tort claims, other than malicious prosecution. *Hagberg v. Cal. Fed. Bank FSB*, 32 Cal. 4th 350, 360-61 (2004) ("[T]he only tort claim . . . falling outside the privilege established by Section 47(b) is malicious prosecution."). This position is borne out by the cases relied upon by USA Wheel. *See, e.g.*, *Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006) (abuse of process); *G.R. v. Intelligator*, 185 Cal. App. 4th 606, 616 (2010)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0403-DOC (MLGx)                          Date: January 14, 2014
                                                                                                                        Page 5

(invasion of privacy); *Tutor-Saliba Corp. v. Herrera*, 136 Cal. App. 4th 606, 618 (2006) (defamation); *Sipple v. Found. for Nat'l Process*, 71 Cal. App. 4th 226, 240-41 (libel).

However, the California Supreme Court has not determined whether the litigation privilege precludes breach of contract claims. *See Wentland v. Wass*, 126 Cal. App. 4th 1484, 1491 (2005) (noting that, "several California Supreme Court cases described the privilege as precluding liability in tort, not contract"). "[W]hether the litigation privilege applies . . . turns on whether its application furthers the policies underlying the privilege . . . . [which] is to ensure free access to the courts, promote complete and truthful testimony, encourage zealous advocacy, give finality to judgments, and avoid unending litigation." *Id.* at 1492 (citing *Laborde v. Aronson*, 92 Cal. App. 4th 459 (2001) and *Pollock v. Superior Court*, 229 Cal. App. 3d 26 (1991)).

Where the communication at issue is a separate promise independent of the litigation, the privilege may not apply. *See id.* at 1494-95; *Navellier v. Sletten*, 106 Cal. App. 4th 763 (2003) ("[W]e will assume that the litigation privilege does not bar plaintiffs' breach of contract cause of action."); *see also T.T. v. Cnty. of Marin*, 2013 U.S. Dist. LEXIS 10512, at *13-16 (N.D. Cal. Jan. 25, 2013) (holding that the litigation privilege does not preclude a breach of contract claim); *cf. Stacy & Witbeck, Inc. v. City and Cnty. of San Francisco*, 47 Cal. App. 4th 1, (1996) (holding that the litigation privilege does not preclude a cause of action under the False Claims Act and noting that, "[t]he litigation privilege was never meant to spin out from judicial action a party's performance and course of conduct under a contract").

The facts in this case are similar to those considered by the California appellate court in *Wentland*. There, parties had entered into a confidentiality agreement. 126 Cal. App. 4th at 1491. Later, one of the parties cross-claimed for breach of contract, arguing that the cross-defendant breached the confidentiality agreement by filing certain court documents. *Id.* at 1488. Similarly, here, UPS cross-claims for breach of contract, alleging that USA Wheel violated its confidentiality agreement by filing unredacted court documents. Def.'s Ans. ¶¶ 5-13. As in *Wentland*, "considering the policies to be furthered by the litigation privilege" this Court "conclude[s] [that] the privilege should not apply[.]" *Id.* at 1494.

### 2. Requirements of State Law

Second, USA Wheel contends that it did not breach the confidentiality agreement because its actions were "compelled by state law." Mot. at 8-10. UPS argues that USA Wheel "conveniently ignores the procedural mechanisms that would have allowed it to submit the entire agreement without publicly disclosing confidential pricing information." Opp'n 9. The Court agrees.

The Carrier Agreement between UPS and USA Wheel provides that, "[USA Wheel] and UPS agree to maintain the confidentiality of this Agreement including its rates, terms and incentives . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0403-DOC (MLGx)                                                           Date: January 14, 2014
Page 6

unless disclosure is required by law." Notice of Removal, Ex. A ("Agreement"). UPS alleges that USA Wheel breached the Agreement when "it filed an unredacted version of the agreement with its initial Complaint on December 31, 2012." Def.'s Ans. ¶ 11. USA Wheel could have, but did not file the agreement under seal, despite several requests from UPS. *See* Decl. of Gregory Koltun ¶¶ 1-8. Indeed, when UPS filed a motion to seal, USA Wheel opposed the motion. *Id.* ¶ 8. The Court holds that the "disclosure [was not] required by law" because California Rules of Court 2.550 and 2.551 permitted USA Wheel to file confidential documents under seal—USA Wheel elected not to exercise that option.

### 3. Public Disclosures

Third, USA Wheel contends that "[b]ecause of the subsequent public disclosures of similar rate incentives by both UPS and its other customers . . ., the confidentiality provisions of the 2009 agreement were moot by the time they were disclosed in 2013." Mot. 10. UPS argues that "USA Wheel is not excused from its contractual obligation simply because it may have identified one or two parties who may have violated their own agreements[.]" Opp'n 10. The Court agrees.

USA Wheel cites, and the Court has located, no authority to support the proposition that if some customers release similar terms of a similar agreement, then it "moots" the agreement in question. Therefore, the Court holds that without more, the alleged public disclosures have no effect on the validity of the existing confidentiality agreement.

### 4. Proof of Damages

Fourth, USA Wheel contends that "UPS must show that it will be able to present evidence showing that it was damaged by USA Wheel's allegedly wrongful disclosure of the confidential information." Mot. 11. UPS points to potential damages that it may have incurred and, at a minimum, both the legal expenses of seeking to seal the Agreement and nominal damages. Opp'n 11. The Court agrees that this is enough.

Even if USA Wheel was not able to prove damages, UPS would be able to recover the legal expenses it incurred while making reasonable attempts to mitigate the damage. *See Brandon & Tibbs v. George Kevorkian Accountancy Corp.*, 226 Cal. App. 3d 442, 462 (1990) (holding that "an injured party who makes a reasonable attempt to mitigate his damages is allowed to recover the cost of such reasonable mitigation efforts as damages from the party who breached the contract"); *see also Millikan v. Am. Spectrum Real Estate Servs. Cal., Inc.*, 117 Cal. App. 4th 1094, 1105 (2004 (holding that "special losses that a party incurs in a reasonable effort to avoid losses resulting from a breach are recoverable as damages"). At the very least, UPS would be entitled to nominal damages for USA Wheel's breach. Cal. Civ. Code § 3360 ("When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages."); *see also Raiser v. Ventura College of*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0403-DOC (MLGx)                                                            Date: January 14, 2014
                                                                                                                                                     Page 7

*Law*, 488 F. App'x. 219, 222 (9th Cir. 2012) (citing California Civil Code § 3360 for proposition that dismissal of the breach of contract claim was "improper because, under California law, inability to show actual damages does not preclude recovery for breach of contract").  Therefore, UPS has adequately shown that it can present evidence that it is entitled to at least some damages.

      In short, USA Wheel has presented no argument that persuades the Court that UPS lacks a "reasonable probability" of prevailing on the merits.  *See Equilon*, 29 Cal. 4th at 67.  In other words, UPS has made a showing that its counterclaim has a "minimum level of legal sufficiency and triability."  *Mindys Cosmetics*, 611 F.3d at 598.

### IV. DISPOSITION

      For the reasons stated above, the Court hereby DENIES Plaintiff USA Wheel's Special Motion to Strike Defendant UPS's counterclaim.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                                                    Initials of Deputy Clerk: jcb